# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O MORALES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-CV-6554-REC-SMS-P<br><br>ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT, AND DIRECTING CLERK'S OFFICE TO FILE PROPOSED AMENDED COMPLAINT<br><br>(Doc. 37)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT AND RETALIATION CLAIMS |

I.　　Order Granting Motion to Amend and Screening Amended Complaint

　　A.　　Procedural History

Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed November 12, 2004, against defendants Morales, David, Martinez, and Reynoso for use of excessive physical force, and against defendants Morales and David for retaliation. On September 27, 2005, plaintiff filed a motion seeking leave to file an amended complaint and a proposed amended complaint. Defendants Morales, David, Martinez, and Reynoso did not file a response to the motion.

///

///

B.     Motion to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The policy that leave to amend shall be freely given when justice so requires must be applied with extreme liberality. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In the amended complaint, plaintiff adds J. Masiel as a defendant and alleges an excessive force claim against him. In addition, the amended complaint adds a retaliation claim against defendant Martinez, and adds three state law tort claims against the four current defendants and newly added defendant Masiel. The events giving rise to the claims for relief are the same events set forth in the original complaint. Having reviewed the proposed amended complaint, the court finds that plaintiff's motion to file the amended complaint should be granted.

C.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        D.        Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Sergeants J. M. Martinez and F. Reynoso; Correctional Officers D. Morales, B. David, and J. Masiel as defendants. Plaintiff is seeking money damages.

In his amended complaint, plaintiff alleges that on June 24, 2003, defendants Morales and David came to his cell, and defendant David told him that it was time for law library, that he had to be strip searched, and to strip down. After completing the search, defendant David told plaintiff to turn around and face the window so his hands could be cuffed and signaled defendant Masiel, who was in the control booth, to open plaintiff's cell door. As plaintiff backed out of his cell slowly, as instructed, defendants Morales and David grabbed his arms and began squeezing them tightly. Plaintiff alleges that as defendants escorted him across the dayroom, they began threatening to show him what happens to those who make staff complaints and file lawsuits in the SHU. Defendants then slammed him on the ground face first, and began punching and kicking him in the face, ribs, and legs. Plaintiff alleges defendant Masiel watched from the control booth. Defendants Morales and David then laid on plaintiff's back and told defendant Masiel to activate his personal alarm.

Defendants Martinez and Reynoso were the first staff to arrive after defendant Masiel activated his alarm. Defendant Martinez instructed defendants Morales and David to hold plaintiff's head up and then sprayed plaintiff's face, eyes, and mouth for approximately eight seconds with pepper spray. Defendant Reynoso then ordered defendants Morales and David to place a spit mouth piece in plaintiff's mouth, decontaminate plaintiff with hot water, and return plaintiff to his cell.

///
///
///

Plaintiff alleges that defendants Morales, David, and Martinez used excessive force against him in retaliation for petitioning the courts for redress, and that defendants Masiel and Reynoso failed to stop the incident of excessive force.[1]

E.   Plaintiff's Claims

1.   Excessive Force Claim

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Morales, David, Martinez, Reynoso, and Masiel for use of excessive force.[2] Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

2.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

---

[1] The allegations set forth in the amended complaint that do not pertain to the excessive force, retaliation, and state tort claims alleged in the complaint are omitted from this order.

[2] With respect to defendants Reynoso and Masiel, officers may be held liable if they had a "realistic opportunity" to intercede, but failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).

4

F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The court finds that plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Morales, David, and Martinez for retaliation. Fed. R. Civ. P. 8(a); Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith, 307 F.3d at 1125-26.

### 3. State Law Tort Claims

In his amended complaint, plaintiff alleges claims for relief against defendants for assault, battery, and intentional infliction of emotional distress. Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). The elements of intentional infliction of emotional distress (IIED) are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

The California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Plaintiff's amended complaint contains no allegation

that he presented a claim to the State Board of Control. Accordingly, plaintiff fails to state any claims for relief under California law for assault, battery, or IIED.

### F.    Conclusion

The court finds that plaintiff's amended complaint contains cognizable claims for relief under section 1983 against defendants Morales, David, Martinez, Reynoso, and Masiel for use of excessive physical force, and against defendants Morales, David, and Martinez for retaliation. However, the court finds that plaintiff's amended complaint does not contain any cognizable state law tort claims, because plaintiff failed to plead compliance with the Tort Claims Act. The court will provide plaintiff with the opportunity to file a second amended complaint curing this deficiency, if it is in fact curable.

If plaintiff does not wish to file a second amended complaint and wishes to proceed only against defendants Morales, David, Martinez, Reynoso, and Masiel for use of excessive physical force, and against defendants Morales, David, and Martinez for retaliation, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims be dismissed from this action, and will issue orders requiring defendants Morales, David, Martinez, and Reynoso to respond to the amended complaint and directing the Marshal to serve defendant Masiel.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

1  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
2  588 F.2d 740, 743 (9th Cir. 1978).
3      Based on the foregoing, it is HEREBY ORDERED that:
4      1.     Plaintiff's motion seeking leave to file an amended complaint is GRANTED;
5      2.     The Clerk's Office shall file in plaintiff's proposed amended complaint, lodged on
6          September 27, 2005;
7      3.     The Clerk's Office shall send plaintiff a civil rights complaint form;
8      4.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:
9          a.     File a second amended complaint curing the deficiencies identified by the
10             court in this order, or
11         b.     Notify the court in writing that he does not wish to file a second amended
12             complaint and wishes to proceed only against defendants Morales, David,
13             Martinez, Reynoso, and Masiel for use of excessive physical force, and
14             against defendants Morales, David, and Martintez for retaliation;
15     5.     If plaintiff fails to comply with this order, this action will be dismissed for failure to
16         obey a court order; and
17     6.     Defendants Morales, David, Martinez, and Reynoso are relieved of their obligation
18         to respond to the amended complaint pending further order by the court.
19
20 IT IS SO ORDERED.
21 **Dated:   November 30, 2005**         **/s/ Sandra M. Snyder**
   icido3                             UNITED STATES MAGISTRATE JUDGE