# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON,<br><br>           Plaintiff,<br><br>    v.<br><br>C/O MORALES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:04-CV-06554-OWW-SMS-P<br><br>ORDER GRANTING DEFENDANTS' MOTION TO VACATE SCHEDULING ORDER AND REQUEST FOR SCREENING OF SECOND AMENDED COMPLAINT<br><br>(Doc. 46)<br><br>ORDER FINDING SECOND AMENDED COMPLAINT STATES COGNIZABLE CLAIMS FOR RELIEF AGAINST DEFENDANTS AND ORDERING DEFENDANTS TO FILE RESPONSE WITHIN THIRTY DAYS<br><br>(Doc. 42) |

      Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was ordered to proceed on plaintiff's complaint, filed November 12, 2004, defendants Morales, David, Martinez, and Reynoso for use of excessive physical force based on the incident of June 24, 2003, and against defendants Morales and David for retaliation.  (Docs. 16, 17, 26.)  Defendants Morales, David, Martinez, and Reynoso ("defendants") waived service of summons and filed an answer to the complaint on August 17, 2005, and the court issued a scheduling order on September 27, 2005. (Docs. 27-36.)  On the same day, plaintiff filed a motion seeking leave to amend.  (Doc. 37.)  On December 2, 2005, the court granted plaintiff's motion to amend, ordered the Clerk's Office to file

1

in the proposed amended complaint, and screened the amended complaint, finding that it stated cognizable claims for relief against defendants Morales, David, Martinez, Reynoso, and Masiel for use of excessive physical force, and against defendants Morales, David, and Martinez for retaliation, but did not state any cognizable state law tort claims because plaintiff failed to plead compliance with the Tort Claims Act. (Doc. 39.)  Plaintiff was ordered to either file a second amended complaint or notify court of his willingness to proceed only on the claims found to be cognizable. (Id.) On January 23, 2006, plaintiff filed a second amended complaint. (Doc. 42.) On April 28, 2006, defendants filed a motion seeking an order setting aside the scheduling order and requesting that the second amended complaint be screened pursuant to section 1915A. (Doc. 46.)

Defendants' motion to vacate the scheduling order and request that the court screen plaintiff's second amended complaint shall be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see</u> also <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).

The court has screened plaintiff's second amended complaint, filed January 23, 2006, and finds that it appears to state cognizable claims for relief against defendants Morales, David, Martinez, Reynoso, and Masiel under section 1983 for use of excessive physical force and for retaliation, and under state law for assault, battery, and intentional infliction of emotional distress. Fed. R. Civ. P. 8(a). Defendants Morales, David, Martinez, and Reynoso shall file a response to the second amended complaint within thirty days. In a separate order issued concurrently with this order, the court shall direct the United States Marshal to initiate service of process on defendant Masiel.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for an order vacating the scheduling order and request for screening of second amended complaint, filed April 28, 2006, is GRANTED;

2. Pursuant to 28 U.S.C. § 1915A, the court finds that plaintiff's second amended complaint states claims for relief against defendants Morales, David, Martinez, Reynoso, and Masiel under section 1983 for use of excessive physical force and for retaliation, and under state law for assault, battery, and intentional infliction of emotional distress; and

3. Defendants Morales, David, Martinez, and Reynoso shall file a response to the second amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   June 20, 2006**             /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE