1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  JAMES L. THOMPSON,                          CASE NO. 1:04-cv-06554-LJO-SMS PC

10                       Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING PLAINTIFF'S MOTION
11          v.                                  FOR A PRELIMINARY INJUNCTION BE
                                                DENIED
12  C/O MORALES, et al.,
                                                (Doc. 57)
13                       Defendants.
                                          /
14

15          Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 26, 2007, plaintiff

17  filed a motion seeking a preliminary injunction mandating California State Prison-Corcoran provide

18  him with access to legal supplies and materials.

19          The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

20  so heavily favors the moving party that justice requires the court to intervene to secure the positions

21  until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

22  390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

23  a combination of probable success and the possibility of irreparable harm, or (2) that serious

24  questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

25  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

26  demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the

27  plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must

28  ///

1

1   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

2   Id.

3       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

4   have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

5   S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and

6   State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

7   1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has

8   no power to hear the matter in question.  Id.

9       This action is proceeding against defendants Morales, David, Martinez, Reynoso, and Masiel

10  under section 1983 for use of excessive physical force and for retaliation, and under state law for

11  assault, battery, and intentional infliction of emotional distress.  Because an order relating to law

12  library access and materials to litigate this action would not remedy the claims upon which this

13  action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.

14      Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for

15  preliminary injunctive relief, filed February 26, 2007, be DENIED.

16      These Findings and Recommendations will be submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

18  **days** after being served with these Findings and Recommendations, plaintiff may file written

19  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

22  1153 (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25  **Dated:    April 2, 2007**                        **/s/ Sandra M. Snyder**
    icido3                                         UNITED STATES MAGISTRATE JUDGE

26

27

28

                                        2