1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAMES L. THOMPSON,                    CASE NO. 1:04-cv-06554-SMS PC

10                         Plaintiff,    ORDER DENYING PLAINTIFF'S MOTION FOR
                                         PRESERVATION OF EVIDENCE AS
11        v.                             UNTIMELY

12  C/O MORALES, et al.,                 (Doc. 67)

13                        Defendants.    ORDER DENYING PLAINTIFF'S MOTION
                                         TO COMPEL IN PART, AND REQUIRING
14                                       PLAINTIFF TO FILE A SUPPLEMENTAL
                                         BRIEF SETTING FORTH AN OFFER OF
15                                       PROOF AS TO PODS 20 AND 21 WITHIN
                                         THIRTY DAYS
16
17                                       (Doc. 70)

18                                       DEFENDANTS' RESPONSE TO PLAINTIFF'S
                                         SUPPLEMENTAL BRIEF, IF ANY, IS DUE
19                                       WITHIN FIFTEEN DAYS OF THE FILING OF
                                         THE RESPONSIVE BRIEF
20  _____/

21  **I.      Relevant Procedural History**

22        Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma

23  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

24  plaintiff's second amended complaint, filed January 23, 2006, against defendants Morales, David,

25  Martinez, Reynoso, and Masiel ("defendants") under section 1983 for use of excessive physical force

26  and for retaliation, and under state law for assault, battery, and intentional infliction of emotional

27  distress.  Jury trial is currently set for April 21, 2008.  Plaintiff's claims arise from an incident at

28  ///

California State Prison-Corcoran on June 24, 2003, in which defendants allegedly beat plaintiff and pepper sprayed him, in retaliation for filing lawsuits and complaints against staff.

On August 9, 2007, plaintiff filed a motion requesting that defendants preserve all video interviews and tapes of plaintiff's injuries, and for sanctions if the tapes cannot be found. Defendants did not file a response. On August 13, 2007, plaintiff filed a motion to compel further responses to his requests for the productions of documents. Defendants filed an opposition on September 7, 2007, and plaintiff filed a reply on September 27, 2007.[1]

## II.    Plaintiff's Motion for Preservation of Evidence

Plaintiff seeks an order preserving a videotaped interview conducted on August 13, 2003, in which he was interviewed by Lt. Rousseau concerning his allegation of staff misconduct. Plaintiff seeks the imposition of sanctions if the tape is not found or has been altered.

With the exception of issues raised in plaintiff's pending motion to compel, which do not include production of this videotape, the discovery phase of this litigation is closed. While parties may seek protective orders such as that sought by plaintiff, Fed. R. Civ. P. 26(b), plaintiff no longer has the ability to attempt to obtain the videotape through discovery. As such, a preservation order would not serve the purpose of protecting evidence from destruction until it can be obtained through discovery. Plaintiff's motion is therefore untimely and is denied on that ground.

## III.   Plaintiff's Motion to Compel

Plaintiff seeks to compel responses to document production requests ("PODs") 7, 12, 13, 16, 19, 20, and 21. The discovery phase of this litigation is closed, but pursuant to the court's order of July 9, 2007, plaintiff was granted leave to file a motion to compel.

**POD 7:** "Produce and relinquish the following documents: Log book entries made by defendants Morales, David, Masiel, Sgt. J. Martinez, and Reynoso, concerning the incident on June 24, 2003, on 4A-Facility, Unit 2-Left, at the Corcoran State Prison, Security Housing Unit."

///

///

---

[1] Plaintiff's reply is a duplicate of his motion to compel and as such, is not responsive to defendants' opposition.

2

**Response:** Defendants objected to the undefined term "log book" as vague and ambiguous, but notwithstanding the objection, provided the record of daily activity for 4A-Facility, Unit 2-Left, for June 24, 2003.

**Ruling:** Defendants served a response to this request, and plaintiff did not set forth any explanation concerning why the response was deficient or what further documents he is seeking.  Although plaintiff argues in his motion that the log book is relevant, defendants did not object on relevancy grounds.  Plaintiff has not met his burden as the party moving to compel a further response and his motion is denied.

**POD 12:** "Produce and relinquish the following documents: All statements in your possession, custody, or control, whether written, signed or otherwise recorded, taken from defendants regarding subject incident."

**Response:** Defendants objected to the undefined term "subject incident" as vague, and to the request as potentially seeking documents subject to attorney-client privilege.  Notwithstanding the objection, defendants produced a Crime/Incident Report and a Rules Violation Report containing written accounts or statements prepared by defendants David, Masiel, Martinez, and Morales.

**Ruling:** Defendants have represented that they produced all of their written or preserved statements made about the incident.  Defendants contend that *if* plaintiff is seeking written communication between defendants and counsel, the documents are protected by attorney-client privilege.[2]  Plaintiff has made no showing that any further documents exist, and his argument of relevancy does not address defendants' response to his request.  Plaintiff's motion to compel a further response is denied.

**POD 13:** "Produce and relinquish the following documents: All statements in your possession, custody or control, whether written or signed or otherwise recorded, taken from all witnesses regarding the subject incident."

///

---

[2] Defendants bear the burden of establishing the applicability of the privilege to the documents sought. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).  In this instance, however, plaintiff has not met his initial burden of establishing that additional documents exist but were not produced.

**Response:** Defendants objected to the undefined term "subject incident" as vague, and to the request as potentially seeking documents subject to attorney work product doctrine.  Notwithstanding the objection,  defendants produced a Crime/Incident Report and a Rules Violation Report containing written accounts or statements by all persons who witnessed or were involved in the June 24, 2003, incident.

**Ruling:** Defendants have represented that they produced all non-privileged statements and no other documents responsive to this request exist.  Plaintiff has made no showing that any further documents exist, and his argument of relevancy does not address defendants' response to his requetst.  Plaintiff's motion to compel a further response is denied.

**POD 16:**  "Produce and relinquish the following documents: Photographs of specifically the 4A-2 Left B-Section rotunda area, and C-Section lower shower."

**Response:** Defendants do not have any photographs responsive to this request but will supplement their response should they photograph the area during the course of this litigation.

**Ruling:** Plaintiff's argument that the photographs are relevant does not address defendants' objection that they do not have any photographs to produce.  Defendants are not required to create evidence for plaintiff by photographing the area.  If defendants photograph the area in the future for these proceedings, they will provide plaintiff with copies.  Plaintiff's motion to compel is denied.

**POD 19:** "Produce and relinquish the following documents: All policy statements concerning the length of maximum time a correctional 'peace' officer can be assigned to work the same unit building and/or position."

**Response:** Defendants objected to request as vague as to time, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding the objection, defendants produced the relevant provision from Bargaining Unit 6 Contractual Agreement, Section 12.07, and contend that assignments are often dictated by institutional needs and may vary as to periods of assignment.

**Ruling:** Plaintiff's argument that this information is relevant does not address defendants' objection. Defendants contend they produced the only document responsive to this request and plaintiff has

///

made no showing that any further responsive documents exist. Plaintiff's motion to compel is denied.

**POD 20:** "Produce and relinquish the following documents: All citizen complaints and/or 602 complaints filed against B. David Badge #42696, at C.S.P.-Corcoran location during the past 5 years. [This file shall include complaints by citizens other than the inmates/parolees and the written responses thereto as well as the inmate/parolee appeals that allege peace officer misconduct, pursuant to section 1043 of the Evidence Code.]

**Response:** Defendants objected to this request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence; seeking information pertaining to other inmates which might violate their right to privacy, and oppressive and burdensome in that the information is not maintained as to each defendant. Defendants contend in their opposition that citizen complaints and inmate grievances are maintained in inmates' files and responding would require a review of the central files of all inmates who may have interacted with defendants in the past five years.

**Ruling:** This request as framed encompasses too broad of a time frame and is narrowed to the following time frame: June 1, 2002, to June 1, 2004. Defendants' objection as to admissibility is well-taken in that plaintiff may not simply seek to admit evidence at trial that defendants beat other inmates or engaged in other misconduct. Fed. R. Evid. 404. Therefore, plaintiff must file a supplemental brief within thirty days in which he makes an offer of proof as to the relevance of these documents and how he intends to use them at trial. The court reserves its ruling on defendants' objection on the grounds of oppression and burden until plaintiff makes an offer of proof in compliance with this order. Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information, should the defendants be required to produce documents responsive to this request.

**POD 21:** "Produce and relinquish the following documents: All citizen complaints and/or 602 complaints, pursuant to P.C. 832.5, against Morales, Masiel, Reynoso, and J. M. Martinez at C.S.P.-Corcoran location during the past 5 years. [This file shall include complaints by citizens other than the inmates/parolees and the written responses thereto as well as the inmate/parolee appeals that allege peace officer misconduct, pursuant to section 1043 of the Evidence Code.]

**Response:** Defendants objected to request as overbroad, compound, and not reasonably calculated to lead to the discovery of admissible evidence; seeking information pertaining to other inmates which might violate their right to privacy, and oppressive and burdensome in that the information is not maintained as to each defendant.  Defendants contend in their opposition that citizen complaints and inmate grievances are maintained in inmates' files and responding would require a review of the central files of all inmates who may have interacted with defendants in the past five years.

**Ruling:** This request as framed encompasses too broad of a time frame and is narrowed to the following time frame: June 1, 2002, to June 1, 2004.  Defendants' objection as to admissibility is well-taken in that plaintiff may not simply seek to admit evidence at trial that defendants beat other inmates or engaged in other misconduct.  Therefore, plaintiff must file a supplemental brief within thirty days in which he makes an offer of proof as to the relevance of these documents and how he intends to use them at trial.  The court reserves its ruling on defendants' objection on the grounds of oppression and burden until plaintiff makes an offer of proof in compliance with this order.  Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information, should the defendants be required to produce documents responsive to this request.

**IV.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff 's motion seeking the preservation of evidence, filed August 9, 2007, is DENIED as untimely;

2.     Plaintiff's motion to compel further responses to PODs 7, 12, 13, 16, and 19, filed August 13, 2007, is DENIED;

3.     Within **thirty (30) days** from the date of service of this order, plaintiff shall file a supplemental brief setting forth an offer of proof as to the relevance of the documents sought in PODs 20 and 21 and how he intends to use the documents at trial;

4.     If defendants wish to file a response to plaintiff's supplemental brief, they have **fifteen (15) days** from the date of the filing of the brief to do so; and

1    5.    No other briefs or responses beyond those called for in this order will be considered

2          by the court.

3

4    IT IS SO ORDERED.

5    **Dated:    October 24, 2007**              _____/s/ Sandra M. Snyder_____
                                              UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28