1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES L. THOMPSON,                    CASE NO. 1:04-cv-06554-SMS PC

10                Plaintiff,              ORDER DENYING MOTION FOR
                                         RECONSIDERATION
11       v.
                                         (Doc. 80)
12   C/O MORALES, et al.,

13                Defendants.
                                        /
14

15       Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is currently set for jury

17   trial on April 21, 2008.  On November 5, 2007, plaintiff filed a motion for reconsideration of the

18   court's order denying in part his motion to compel.[1]  Defendants did not file a response.

19       The court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d

20   1185, 1198 (9th Cir. 1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992).

21   Motions for reconsideration are disfavored, however, and are not the place for parties to make new

22   arguments not raised in their original briefs.  <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>,

23   841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink

24   what it has already thought.  <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).

25   "A party seeking reconsideration must show more than a disagreement with the Court's decision,

26   and recapitulation of the cases and arguments considered by the court before rendering its original

27

28       [1] The motion is directed to the Honorable Lawrence J. O'Neill.  However, Judge O'Neill is no longer
assigned to this case, the parties having consented to Magistrate Judge jurisdiction.  (Doc. 74.)

decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff's motion for reconsideration consists of a bare request for reconsideration and a recitation of the discovery requests at issue in his motion to compel. Because plaintiff's motion is devoid of any support for his position that he is entitled to reconsideration, plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    February 13, 2008**                    **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE