# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON, | CASE NO. 1:04-cv-06554-SMS PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL RESPONSES TO PODS 20 AND 21 |
| v. | (Docs. 70, 79, and 81) |
| C/O MORALES, et al., | |
| Defendants. | |

Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed January 23, 2006, against defendants Morales, David, Martinez, Reynoso, and Masiel ("defendants") under section 1983 for use of excessive physical force and for retaliation, and under state law for assault, battery, and intentional infliction of emotional distress. Jury trial is currently set for April 21, 2008. Plaintiff's claims arise from an incident at California State Prison-Corcoran on June 24, 2003, in which defendants allegedly beat plaintiff and pepper sprayed him, in retaliation for filing lawsuits and complaints against staff.

On October 25, 2007, the court denied in part plaintiff's motion to compel and ordered plaintiff to file a supplemental brief setting forth an offer of proof as to document production requests (PODs) 20 and 21. Plaintiff filed a supplemental brief on November 26, 2007, and defendants filed a response on December 6, 2007.

The court's order addressing PODs 20 and 21 stated in relevant part:

**POD 20:** "Produce and relinquish the following documents: All citizen complaints

and/or 602 complaints filed against B. David Badge #42696, at C.S.P.-Corcoran location during the past 5 years. [This file shall include complaints by citizens other than the inmates/parolees and the written responses thereto as well as the inmate/parolee appeals that allege peace officer misconduct, pursuant to section 1043 of the Evidence Code.]
**Response:** Defendants objected to this request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence; seeking information pertaining to other inmates which might violate their right to privacy, and oppressive and burdensome in that the information is not maintained as to each defendant. Defendants contend in their opposition that citizen complaints and inmate grievances are maintained in inmates' files and responding would require a review of the central files of all inmates who may have interacted with defendants in the past five years.
**Ruling:** This request as framed encompasses too broad of a time frame and is narrowed to the following time frame: June 1, 2002, to June 1, 2004. Defendants' objection as to admissibility is well-taken in that plaintiff may not simply seek to admit evidence at trial that defendants beat other inmates or engaged in other misconduct. Fed. R. Evid. 404. Therefore, *plaintiff must file a supplemental brief within thirty days in which he makes an offer of proof as to the relevance of these documents and how he intends to use them at trial*. The court reserves its ruling on defendants' objection on the grounds of oppression and burden until plaintiff makes an offer of proof in compliance with this order. Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information, should the defendants be required to produce documents responsive to this request.

**POD 21:** "Produce and relinquish the following documents: All citizen complaints and/or 602 complaints, pursuant to P.C. 832.5, against Morales, Masiel, Reynoso, and J. M. Martinez at C.S.P.-Corcoran location during the past 5 years. [This file shall include complaints by citizens other than the inmates/parolees and the written responses thereto as well as the inmate/parolee appeals that allege peace officer misconduct, pursuant to section 1043 of the Evidence Code.]
**Response:** Defendants objected to request as overbroad, compound, and not reasonably calculated to lead to the discovery of admissible evidence; seeking information pertaining to other inmates which might violate their right to privacy, and oppressive and burdensome in that the information is not maintained as to each defendant. Defendants contend in their opposition that citizen complaints and inmate grievances are maintained in inmates' files and responding would require a review of the central files of all inmates who may have interacted with defendants in the past five years.
**Ruling:** This request as framed encompasses too broad of a time frame and is narrowed to the following time frame: June 1, 2002, to June 1, 2004. Defendants' objection as to admissibility is well-taken in that plaintiff may not simply seek to admit evidence at trial that defendants beat other inmates or engaged in other misconduct. Therefore, *plaintiff must file a supplemental brief within thirty days in which he makes an offer of proof as to the relevance of these documents and how he intends to use them at trial*. The court reserves its ruling on defendants' objection on the grounds of oppression and burden until plaintiff makes an offer of proof in compliance with this order. Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information, should the defendants be required to produce documents responsive to this request.

(Doc. 79, 5:3-6:17 (emphasis added).)

Plaintiff's response does not satisfy the requirement that he make an offer of proof as to the relevance of the requested documents and how he intends to use them at trial. The response is

1  comprised of excerpts from materials plaintiff encountered while conducting legal research rather
2  than plaintiff's arguments concerning the specific relevancy of these documents and how he intends
3  to use them at trial.  For this reason, plaintiff's motion to compel responses PODs 20 and 21, filed
4  August 13, 2007, is HEREBY DENIED.

6  IT IS SO ORDERED.

7  **Dated:    February 13, 2008**              /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE