1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAMES L. THOMPSON,                        CASE NO. 1:04-cv-06554-SMS PC

10                     Plaintiff,            ORDER DENYING MOTION FOR
                                            APPOINTMENT OF COUNSEL, SANCTIONS,
11          v.                              SUMMARY JUDGMENT, AND
                                            CONTINUANCE OF TRIAL
12  C/O MORALES, et al.,
                                            (Doc. 83)
13                     Defendants.

14                                          ORDER REQUIRING PLAINTIFF TO FILE
                                            PRETRIAL STATEMENT IN COMPLIANCE
15                                          WITH SECOND SCHEDULING ORDER ON
                                            OR BEFORE MARCH 3, 2008, AND
16                                          EXTENDING DEFENDANTS' PRETRIAL
                                            STATEMENT DEADLINE FROM FEBRUARY
17                                          29, 2008, TO MARCH 7, 2008

18  _____/

19          Plaintiff James L. Thompson ("plaintiff") is a state prisoner proceeding pro se and in forma

20  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

21  plaintiff's second amended complaint, filed January 23, 2006, against defendants Morales, David,

22  Martinez, Reynoso, and Masiel ("defendants") under section 1983 for use of excessive physical force

23  and for retaliation, and under state law for assault, battery, and intentional infliction of emotional

24  distress.  Jury trial is currently set for April 21, 2008.  Plaintiff's claims arise from an incident at

25  California State Prison-Corcoran on June 24, 2003, in which defendants allegedly beat plaintiff and

26  pepper sprayed him, in retaliation for filing lawsuits and complaints against staff.

27  ///

28  ///

1

On January 25, 2008, plaintiff filed a motion seeking the appointment of counsel, sanctions against defendants for failure to provide discovery, and summary judgment.[1]  Plaintiff also seeks a continuance of the trial date pending resolution of his motion.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  The court cannot conclude that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.  Therefore, plaintiff's motion for the appointment of counsel must be denied.

By the court's order of October 25, 2007, and the orders issued concurrently with this order, plaintiff's outstanding motion to compel and motion for reconsideration of the court's prior ruling on his motion to compel have been resolved.  Defendants did not fail to provide plaintiff with any discovery to which he is entitled and there are no grounds for the imposition of sanctions against defendants.  Plaintiff's motion is denied.

---

[1] Identified as motion for summary disposition.

The deadline for filing pretrial dispositive motions, such as a motion for summary judgment, has expired.  Further, plaintiff's bare request for summary judgment is not sufficient to meet plaintiff's burden as the party moving for relief.  Fed. R. Civ. P. 56; Local Rule 56-260.  Plaintiff's motion is denied.

Finally, plaintiff's request for a continuance of the trial date pending a ruling on this motion is denied as moot in light of this order.  The deadline for plaintiff to file his pretrial statement was February 1, 2008.  The court previously provided plaintiff with a copy of Local Rule 16-281, which sets forth the requirements for the pretrial statement.  Plaintiff shall file his pretrial statement in compliance with the Second Scheduling Order on or before March 3, 2008.  The deadline for defendants to file their pretrial statement is extended to March 7, 2008.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for the appointment of counsel is DENIED;

2.      Plaintiff's motion for the imposition of sanctions is DENIED;

3.      Plaintiff's motion for summary judgment is DENIED;

4.      Plaintiff's motion for a continuance of trial is DENIED;

5.      Plaintiff shall file his pretrial statement in compliance with the Second Scheduling Order on or before March 3, 2008; and

6.      The deadline for defendants to file their pretrial statement is extended from February 29, 2008, to March 7, 2008.

IT IS SO ORDERED.

**Dated:    February 13, 2008            /s/ Sandra M. Snyder**
                             UNITED STATES MAGISTRATE JUDGE