UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. THOMPSON,<br><br>           Plaintiff,<br><br>    v.<br><br>MORALES, DAVID, MARTINEZ, REYNOSO, AND MASIEL,<br><br>           Defendants.<br>_____/ | CASE NO. 1:04-cv-06554-SMS PC<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING<br><br>ORDER GRANTING MOTION FOR ATTENDANCE OF INMATE WITNESS JEFF HARNDEN, AND DENYING MOTION FOR ATTENDANCE OF INMATE WITNESSES ERICK WALKER, FERNANDO MORENO, AND JUAN GALVAN<br><br>(Doc. 96) |

**I.    Order Following Telephonic Trial Confirmation Hearing**

Plaintiff James L. Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on April 21, 2008. The telephonic trial confirmation hearing was held on March 25, 2008, at 10:30 a.m. Plaintiff and Defendants' counsel were both present via telephone. The Pretrial Order shall issue separately but concurrently with this order and Plaintiff's motion for the attendance of incarcerated witnesses is addressed in Section II. The Court deems it necessary to address the following issues raised by Plaintiff during the hearing.

**A.    Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1

1  District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Resolution of this case comes down to witness credibility and the Court cannot conclude that the jury will find for Plaintiff (or in the alternative, that it will find against Plaintiff ).  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.  Although the Court understands that Plaintiff is a layman, the issues in this action are not complex from a legal standpoint.  There are no grounds justifying the appointment of counsel in this case.[1]

**B.    Discovery Dispute**

On October 25, 2007, the Court denied in part Plaintiff's motion to compel and ordered Plaintiff to file a supplemental brief setting forth an offer of proof as to document production requests (PODs) 20 and 21.  Plaintiff filed a supplemental brief on November 26, 2007, and Defendants filed a response on December 6, 2007.  On February 13, 2008, the Court issued an order denying Plaintiff's motion to compel on the ground that Plaintiff's supplemental brief did not satisfy

///

---

[1] The Court was frank with Plaintiff regarding the difficulty, bordering on impossibility, of finding volunteer counsel for cases such as this.  The Court understands the importance of this case to Plaintiff and the seriousness of Plaintiff's allegations.  That is not the test, however, and the problem of finding counsel aside, Plaintiff's case does not meet the criteria for appointment of counsel.

the requirement that he make an offer of proof as to the relevance of the requested documents and how he intends to use them at trial.

During the hearing, Plaintiff again raised the issue of PODs 20 and 21. The Court previously provided Plaintiff with the opportunity to make an offer of proof. Plaintiff's response was deficient and his motion was denied as a result. Therefore, there is no outstanding discovery and Plaintiff is not entitled to a response to PODs 20 and 21.

### C. Continuance of Trial

Plaintiff has twice sought a continuance of the trial and his requests have been denied twice. (Docs. 86, 89.) Plaintiff's pending appeal with the Ninth Circuit is not grounds to continue the trial because Plaintiff is not entitled to appeal those issues until final judgment has been entered. The Court is not required to await the Ninth Circuit's ruling when the appeal is deficient. Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007).

This action has been pending since November 16, 2004, and the Second Scheduling Order setting it for trial was issued on July 10, 2007. Plaintiff has had ample opportunity to prepare for trial in this matter and there is no good cause nor legal basis for a continuance.

## II. Order on Motion for the Attendance of Incarcerated Witnesses

Pursuant to the Second Scheduling Order, which was filed on July 10, 2007, the deadline for filing a motion for the attendance of incarcerated witnesses was February 1, 2008. The order stated in relevant part:

> A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."
>
> **The willingness of the prospective witness can be shown in one of two ways: (1)** the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or **(2)** the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

3

**The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1)** if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or **(2)** the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

(Doc. 66, 2:19-3:15.)

On March 20, 2008, Plaintiff filed a late motion seeking the attendance of Jeff Harnden H-31120, Erick Walker H-46570, Fernando Moreno H-28771, and Juan Galvan D-88100. Plaintiff did not submit his own declaration stating that the witnesses are willing to testify voluntarily, and Plaintiff did not submit declarations from the witnesses stating that they are willing to testify voluntarily.

Further, Plaintiff did not submit his own declaration stating that the witnesses saw or heard something relevant. Plaintiff is relying solely on the self-described declaration of witness Jeff Harnden, which was also purportedly joined in and signed by Erick Walker, Fernando Moreno, and Juan Galvan. In the statement, Harnden contends he saw part of the physical altercation between Plaintiff and Defendants. However, (1) the statement does not meet the order's requirements in terms of specificity "about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred;" (2) the statement is not signed under penalty of perjury; and (3) as set forth in the preceding paragraph, none of the witnesses state they are willing to testify.

Nevertheless, the statement contains sufficient detail that it appears Harnden saw part of the alleged altercation between Plaintiff and some of the Defendants. Although Plaintiff's motion was not timely and did not comply with the Second Scheduling Orders's requirements, the Court will exercise extraordinary leniency and accommodate Plaintiff by allowing Harnden to appear at trial

///

///

as a witness for Plaintiff. The Court will not allow the others to appear as they did not submit their own declarations.[2]

Based on the foregoing, Plaintiff's motion for the attendance of inmate witness Jeff Harnden is GRANTED and Plaintiff's motion for the attendance of inmate witnesses Erick Walker, Fernando Moreno, and Juan Galvan is DENIED.

IT IS SO ORDERED.

**Dated:    March 26, 2008**                   /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] Although not entirely clear, during the telephonic trial confirmation hearing, Plaintiff appeared to be asserting that the relevant declarations are part of the record in another case filed by Plaintiff. Whether or not Plaintiff submitted declarations from one or more of these witnesses in another case is immaterial. The declarations had to have been filed in *this* case along with Plaintiff's motion for the attendance of incarcerated witnesses. They were not filed and no mention of them was made in the motion. Further, although in his motion Plaintiff mentions an affidavit submitted with his complaint as Exhibit C, the only document submitted with the original complaint is the same statement reviewed by the Court in conjunction with the motion and it is marked Exhibit B. (Doc. 1.) Exhibit C to the original complaint is a medical report. (Id.) Walker, Moreno, and Galvan will not be transported for trial.